| LAUNDERS, Judge.
Shelton Erikson, hereinafter “Plaintiff,” obtained an insurance policy from Audubon Insurance Company, hereinafter “Defendant;” the policy covered a home built by his grandson and his grandson’s girlfriend on his property. When the home became unoccupied, Plaintiff purchased a fire insurance policy on the home which became effective on August 9, 1996. The home burned ten days later. Defendant denied Plaintiffs claim on the policy, arguing Plaintiff did not have an insurable interest. Trial was held on August 26, 1998, and the trial judge ruled in favor of Plaintiff for damages in the amount of $47,-000.00, $5,000.00 in penalties and $17,-333.33 in attorney’s fees. We amend the trial court’s judgment to assess ^Defendant $3,000.00 for Plaintiffs attorney’s fees incurred on appeal. The remainder of the judgment of the trial court is affirmed is affirmed.

FACTS

Plaintiff owns a tract of land in Iberia Parish upon which he allowed his grandson, Chris Feller, and his fiancé, Kim Granger, to build a house and live. It was understood that Plaintiff would leave each of his grandchildren a portion of the property when he died. Resources used to finance and build the home were provided by various people, but predominantly by Kim’s father, Don Granger. Chris and Kim lived in the home until late July or early August of 1996. The land was at all pertinent times owned by Plaintiff. On August 9, 1996, after Chris and Kim vacated the home, Plaintiff purchased an insurance policy on the home from Defendant, insuring the home for $47,000.00. Defen *728 dant denied all claims, asserting plaintiff did not have an insurable interest and could not recover under the policy. Trial was held on August 26, 1998, with the trial judge ruling in favor of Plaintiff.

LAW AND ANALYSIS

A. Defendant’s First Assignment of Error
Defendant brings this appeal asserting manifest error in the trial court’s decision finding Plaintiff had an insurable interest. La.R.S. 22:614 provides:
A. No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.
B. ‘Insurable interest’ as used in this Section means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.
Defendant argues that Plaintiff had an agreement which allowed Chris and Kim to build a house on the property, the same property that he would leave his grandson after he dies, with the understanding that Chris and Kim would own the [¡¡home. The trial judge, however, found that Plaintiff owned the home. In her Reasons for Judgment, she determined “Erikson and Feller agreed that the house, as well as the land, would be owned by Erikson until his death.” The trial judge concluded:
Upon a review of the testimony in this case, the court finds that Erikson does have an insurable interest in the house which burned down and therefore can collect on the insurance policy. Although Granger adamantly feels he should be repaid for the building of the house, he is not claiming ownership of the home. Chris Feller, who built the house, is not claiming ownership of the home. Kim Granger, who lived in the house, did not testify and therefore, did not claim ownership of the house. Defendant Audubon has not even made a clear case as to whom they believe is the owner of the house. The only person who has ever claimed to be owner of the house is Erikson. He bought the insurance policy, paid the premiums, and owned the land upon which the house was built. The court finds that the un-controverted evidence is that Erikson and his grandson Feller had an (sic) clear understanding that the land and the house belong to Erikson until his death. There is no evidence to the contrary. Nor is there any evidence that Audubon has information to the contrary.
The trial judge further noted the presumption under La.Civ.Code art. 491 that buildings are presumed to belong to the owner of the ground and that no documents were filed evidencing any separate ownership. La.Civ.Code art. 491 provides:
Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or un-gathered fruits of trees may belong to a person other than the owner of the ground. Nevertheless, they are presumed to belong to the owner of the ground, unless separated ownership is evidenced by an instrument filed for registry in the conveyance records of the parish in which the immovable is located.
Comment (c) to Article 491 explains:
Separate ownership of buildings, of other constructions permanently attached to the ground, of standing timber, and of unharvested crops or un-gathered fruits of trees may be asserted toward third persons only if it is evidenced by an instrument filed in the registry in the conveyance records of the parish in which the immovable is located.
We consider the standard of appellate review provided by Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
*729 |Jt is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.
In the current matter, a review of the record reveals one clear fact, as noted by the trial judge, and that is, the only person claiming ownership of the house is Plaintiff. Chris testified that he believed Plaintiff owned the home and could evict him at any time. Kim did not appear in court to testify either way. Kim’s father, Don Granger, testified that he believed he had an interest similar to that of a lending institution in the materials used to build the home, but he clearly stated that he did not believe he was the owner of the home. Plaintiff testified that he understood at all times that he was the owner of the home and that he had the power to evict Chris and Kim if they did not abide by a few limitations he discussed with them. Chris explained that the house was built such as it was “[w]ith the understanding that it was his and it would be deeded to myself later on, or Kim and I if we were married.” Plaintiff stated that he disclosed the nature of how the house was built to Defendant’s agent when he purchased the policy.
The crux of Defendant’s argument hinges on the reasonableness of a grandson putting money into building a home that he does not own, on land that he does not own, simply trusting that one day it will be willed to him by his grandfather. The record indicates that there was some kind of agreement between Chris and Kim and her father with regard to Granger’s allowing them to charge building materials to his account. Chris agreed and did help tear down a drive-in building for Granger; the understanding was Chris and Kim could use any materials usable from the drive-in and Granger would finance the remainder of the account at Norris Rad-er’s. Granger | Rtestified that the agreement he had with Chris and Kim was that they would reimburse him for the cost of the building materials when they could. At the time of trial, Kim had repaid her father $3,000.00.
Ultimately, there was no evidence presented at trial that Defendant was unaware of how the house was built; Defendant readily sold the insurance to Plaintiff in his name. There is nothing in the record indicating anyone else but Plaintiff asserted or exercised ownership over the house. We find no reason to allow an insurer to deny coverage where there is but one clear owner of the interest insured. Accordingly, in the absence of manifest error, we affirm the trial judge’s rule to enforce the insurance agreement.
B. Defendant’s Second Assignment of Error
Defendant asserts that the trial court erred in concluding that Defendant acted arbitrarily, capriciously and without probable cause in denying Plaintiffs claim under La.R.S. 22:1220. La.R.S. 22:1220(A) imposes on an insurer an “affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. La.R.S. 22:1220(C) provides:
In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
The trial court awarded Plaintiff $5,000.00 in penalties against Defendant, noting that “[a]t the time the claim was made, Audubon was aware that no one else *730 was asserting ownership of the building; Erikson obtained the policy and paid the premium; Erikson owned the land on which the house was built.” Where the insurer issued the policy to Plaintiff, fully apprized of the nature and circumstance of the Lhouse and land, we agree that it is arbitrary and capricious for Defendant to deny Plaintiffs claim to proceeds due under the policy. Accordingly, we affirm the trial judge’s award of $5,000.00 in penalties against Defendant, pursuant to La.R.S. 22:1220.

CONCLUSION

In light of the foregoing discussion, we amend the trial court’s judgment to the extent of assessing Defendant $3,000.00 for Plaintiffs attorney’s fees resulting from this appeal; we affirm the trial court’s judgment awarding Plaintiff $47,000.00 due under the policy, plus $5,000.00 in penalties and $17,333.33 in attorney’s fees, pursuant to La.R.S. 22:658. All costs of appeal are assessed to Defendant.
AFFIRMED AS AMENDED AND RENDERED.